**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26946-CIV-MARTINEZ**

RODELSON NOEL,

Petitioner,

v.

MIAMI ICE FIELD OFFICE
DIRECTOR,

Respondent.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court *sua sponte*. On October 2, 2026, Petitioner Rodelson Noel filed a Petition for Writ of Habeas Corpus ("Petition") [ECF No. 1], challenging his continued immigration detention. (*See generally id.*). Although Petitioner was detained "at a Miami ICE Field Office short-term holding facility" at the time his Petition was filed, (*see id.* ¶ 5; *see also* [ECF No. 5-8]), Respondent filed a Response [ECF No. 5] indicating that Petitioner had been transferred to the Winn Correctional Center in Winnfield, Louisiana, (*see id.* 13; [ECF No. 5-8]). Winnfield, Louisiana is in Winn Parish, which lies in the Western District of Louisiana. *See* 28 U.S.C. § 98(c). Petitioner's transfer calls into question the Court's jurisdiction over the Petition.

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also* *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) ("Under the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement.'" (alteration added; quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Further, when a petitioner challenges his confinement, only the petitioner's "immediate custodian[] . . . is the proper respondent" in a section 2241 proceeding. *Padilla*, 542 U.S. at 439 (alterations added). That said, "when the Government

moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (citation omitted). Thus, for the Court to have jurisdiction over this action, there must be a respondent within the Southern District of Florida empowered to release Petitioner should the Petition be granted.

On October 29, 2026, the Court entered an Order [ECF No. 9] directing the parties to file memoranda addressing: (1) whether an appropriate respondent with authority to comply with the writ and effectuate Petitioner's release should Petitioner be entitled to relief resides in this District and, if so, the identity of such person; (2) if not, whether an appropriate respondent resides in Petitioner's present district of confinement and, if so, the identity of such person; and (3) whether transfer of this case to the Western District of Louisiana is appropriate. On November 5, 2026, the parties submitted their respective memoranda—though Petitioner's memorandum did not address the second and third issues as ordered by the Court. (*See* [ECF Nos. 10, 12]).

Petitioner acknowledges that his immediate custodian does not reside in this District. (*See* [ECF No. 12]). Nevertheless, Petitioner insists that the Court may continue to exercise jurisdiction because Petitioner filed a "Notice of Entry of Parties" ([ECF No. 11]) purporting to add Markwayne Mullin, the Secretary of the Department of Homeland Security ("DHS"), as a Respondent. (*See* [ECF No. 12] 3 ("Petitioner also added as a defendant . . . [the] DHS Secretary. Therefore, a respondent who has custody of the prisoner, the DSH Secretary, can comply with any order directing habeas relief[.]" (citations and quotation marks omitted))). Setting aside the procedural impropriety of Petitioner's maneuver, while the DHS Secretary has "ultimate[] responsib[ility]" for Petitioner's detention, *see Lopez Vasquez v. Cerna*, No. Civ-26-147, 2026 WL 2925330 (W.D. Okla. Sept. 29, 2026) (alteration added; citations omitted), which might render him an appropriate Respondent in a § 2241 action if "very unusual" circumstances are present, *see Moody v. U.S. Att'y Gen.*, 730 F. App'x

851, 853 (11th Cir. 2018); *see also Parker v. Hazelwood*, No. 17-cv-484, 2019 WL 4261832, at *4 (D.N.H. Sept. 9, 2019) (explaining unusual circumstances might be present where a petitioner is detained at an unknown location or where the government repeatedly moves a petitioner to manipulate jurisdiction (citation omitted)), Petitioner has "not explained why the circumstances here are so unusual as to make . . . the [DHS] Secretary [an] appropriate respondent[]." *Lorenzo v. Krome North Service Processing Center*, No. 26-cv-25955-CMA, Order [ECF No. 8] filed September 24, 2026 (S.D. Fla. 2026).

Respondent notes that there is an appropriate respondent residing in the Western District of Louisiana. (*See* [ECF No. 10] 2). Officials within the Western District of Louisiana could therefore implement an order effectuating Petitioner's release. As such, the Court will transfer this case to the district where Petitioner is presently detained. *See Lorenzo*, No. 26-cv-25955-CMA [ECF No. 8] (transferring case to Western District of Louisiana under identical circumstances); *accord Gardner v. United States*, No. 23-cv-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (when a section 2241 petitioner "has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held" (citations omitted)), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024).

Accordingly, it is

**ORDERED** that the Clerk shall **TRANSFER** this case to the United States District Court for the Western District of Louisiana. Upon transfer, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 10 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record